IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEFFERY WEBB, JR.,
ADC #551387                                                                                               PLAINTIFF

v.                                          4:08CV04144HLJ

FAULKNER COUNTY
DETENTION CENTER, et al.                                                                          DEFENDANTS

MEMORANDUM AND ORDER

I. Introduction

This matter is before the Court on defendants' motion for summary judgment (DE #65). Plaintiff filed a response to the motion (DE #70) and defendants filed a reply (DE #75).

Plaintiff is a state inmate who was incarcerated at the Faulkner County Detention Center (Jail) beginning May 13, 2008, and was later transferred to the Cross County Jail until he was taken to the Arkansas Department of Correction (ADC) on August 21, 2008. He filed this action, alleging numerous constitutional violations with respect to his conditions of confinement at the two Jails. Plaintiff asks for monetary relief from defendants for an injury to his shoulder and for pain and suffering.

In response to defendants' motion for summary judgment (DE #70), plaintiff concedes that defendants' arguments with respect to his official capacity claims against both the Faulkner County and Cross County defendants have merit. In addition, plaintiff admits the merits of the motion relating to his allegations of injury to his ankle and for mail tampering. Finally, plaintiff agrees that the claims against Cross County Defendant John Collier should be dismissed. Therefore, the remaining issues for this Court are plaintiff's claims relating to his conditions of confinement,

denial of medical care, and excessive force, while incarcerated at the Faulkner County Jail.

In his original complaint (DE #2), plaintiff alleges he was shackled and belly-chained to the drain hole in his cell by the Faulkner County defendants for eight days, beginning on July 10, 2008. Plaintiff also alleges a similar incident while in the Cross County Jail on July 30, 2008. However, in his amended complaint (DE #22), plaintiff states the July 30, 2008 incident occurred in Faulkner County. Plaintiff further alleges that during both times he was housed under unconstitutional conditions, when he was not permitted to shower for three days, was denied bathroom privileges and was forced to urinate and defecate on himself, was forced to eat and sleep while in the restraints, was denied water and out-of-cell time, and was prohibited from exercising. Plaintiff also alleges defendant Mason improperly sprayed him with mace at some point.

Defendants' factual chronology differs substantially from the plaintiff's, and they provide Jail documents and records to support their version of events. According to those records (DE #67, Exhs. 1-10), plaintiff was incarcerated at the Faulkner County Jail from May 13, 2008 to July 23, 2008. On July 23, 2008, plaintiff was transferred to the Cross County Jail, where he remained until he was transferred to the ADC on August 21, 2008. Defendants state their records indicate the first "incident" involving plaintiff occurred on June 6, 2008, when plaintiff was placed in restraints on suicide watch. At some point, defendant Pickard noticed plaintiff attempting to harm himself by swallowing his excess chain. She removed the belly chain and placed plaintiff on a bench outside of his holding cell. Plaintiff then was placed in a small holding cell in order to use the bathroom. When defendant Pickard went to retrieve him, she found him attempting to strangle himself with a piece of blanket he had ripped and tied around his neck. When plaintiff failed to comply with orders to remove the blanket from his neck, an officer pulled his pepper spray (but did not spray)

so plaintiff would comply. After the blanket was removed, plaintiff was belly-chained behind his back and shackled to the grate in the cell. Plaintiff's restraints were removed about 3:30 p.m. on June 6, 2008, and he was removed from suicide watch about 4:45 p.m. that same date. DE #67, Ex. 4, 5.

The second "incident" occurred on June 8, 2008, when plaintiff was again placed on suicide watch and was restrained to a bench outside the holding cells about 3:15 p.m. He was removed about 8:30 p.m. DE #67, Ex. 6.

A third "incident" occurred on June 17, 2008, when defendant Pickard informed a Jail nurse that plaintiff drank cleaning fluid in an effort to harm himself. Plaintiff was placed on suicide watch and was restrained to a bench outside the holding cells at about noon. Following receipt of a charcoal regimen to alleviate the effects of the fluid, plaintiff was removed from suicide watch at about 3 p.m. DE #67, Ex. 7, 8.

On July 21, 2008, defendant Mason was called to assist with plaintiff, who was loud and out of control. Plaintiff confronted defendant Mason with his fists clenched and refused to comply with Mason's commands to step back and sit down. Mason then employed his pepper spray against plaintiff. Plaintiff was handcuffed and detoxed from the pepper spray by other officers. DE #67, Ex. 10.

## II. Summary Judgment Motion

A. Defendants' Motion

In support of their motion, defendants state plaintiff's claims of excessive force against them should be dismissed because he can not show that the force used against him was in excess of that reasonably believed necessary to achieve the legitimate institutional interests of safety and security,

citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989). Defendants acknowledge the differences in the factual descriptions set forth by the parties, but state their actions should be analyzed based on their knowledge and perception of the circumstances. Defendants state the amount of force used against plaintiff during his suicidal and non-compliant moments, was not malicious or excessive, and was reasonable in light of the circumstances.

Defendants also claim plaintiff's conditions of confinement did not violate the Eighth Amendment. Defendants cite Hudson v. McMillan, 503 U.S. 1, 8 (1992), where the court held only those deprivations which deny the minimal civilized measure of life's necessities are considered sufficiently grave to form the basis of an Eighth Amendment violation. Defendants state other than plaintiff's allegations that he was denied restroom facilities and water, plaintiff has not presented any evidence to show he was deprived of an identifiable human need while incarcerated. Furthermore, defendants state plaintiff fails to present evidence to show that he sustained any injury from those conditions.

Defendants state plaintiff's claim he was denied medical care is not supported, and that plaintiff can not show he suffered an objectively serious medical need which went untreated.

Finally, defendants state plaintiff's action should be dismissed because he does not provide proof of a physical injury, and because they are entitled to qualified immunity.

B. Plaintiff's Response

In his response, plaintiff states he relies on the allegations in his complaint and since he declared under penalty of perjury that the complaint was true, the Court should accept his filings as affidavits, citing Ford v. Wilson, 90 F.3d 245, 247 (7th Cir. 1996). Plaintiff states his allegations of being restrained and sprayed with mace are analogous to those in Buckley v. Rogerson,133 F.3d

1125 (8th Cir. 1998), where the court found seven days of restraint without medical supervision to state a cause of action for excessive force. Plaintiff notes material issues of fact exist in this case, and states qualified immunity is not applicable because it involves clearly-established constitutional rights of which a reason person would have known.

C.  Defendants' Reply

In their reply, defendants note plaintiff filed a grievance concerning being restrained for three days, as opposed to eight days (DE #67, Ex. 9). In light of such, defendants state plaintiff does not provide proof of exhaustion of his administrative remedies with respect to a claim of restraint for eight days, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants state plaintiff can not "have it both ways. Either he alleges that he was shackled for 8 days (in which case, he would have to concede that he never submitted a grievance about any 8-day shackling) or that he was shackled for 3 days, as set forth by the Defendants in their Motion for Summary Judgment (in which case, the restraints were entirely justified and appropriate, both penologically and legally....)"

D.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party

cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

E.  Analysis

The Court finds a sufficient dispute of facts between the parties concerning plaintiff's conditions of confinement, denial of medical care, and excessive force claims, so as to render summary judgment improper. Defendants' arguments in favor of summary judgment, including that the facts in plaintiff's grievance differ from those set forth in his complaint, would require credibility determinations which can not be made in this context. Despite defendants' claims to the contrary, plaintiff claims in his original and amended complaints to have suffered a shoulder injury during one of the incidents, and asks for damages for pain and suffering. Furthermore, defendants' argument that they are protected from liability by qualified immunity fails, for this Court finds plaintiff does allege a constitutional violation. In addition, the law governing conditions of confinement, excessive force, and denial of medical care is sufficiently established . Accordingly,

IT IS, THEREFORE, ORDERED, that defendants' motion for summary judgment is GRANTED in part with respect to the following: the official capacity claims against Faulkner and Cross Counties, the allegations of injury to his ankle and for mail tampering, and the claims against defendant Collier.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is DENIED in part, with respect to plaintiff's conditions of confinement, denial of medical care, and excessive

force claims.

      IT IS SO ORDERED this 1st day of April, 2010.

                                                         _____
                                                          United States Magistrate Judge